NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
411 W. Fourth Street
Suite 8000
Santa Ana, California 92701
Telephone:  (714) 338-3597
Facsimile:  (714) 338-3708
E-Mail:     rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. SA CR 17-034-JVS |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KENNETH WAYNE CRUMM |
| v. | |
| KENNETH WAYNE CRUMM and DYLAN SCOTT MANZANARES, | [21 U.S.C. § 841(a)(1)]<br>[18 U.S.C. § 922(g)(1)]<br>[18 U.S.C. § 924(c)(1)(A)(i)] |
| Defendants. | |

1.   This constitutes the plea agreement between KENNETH WAYNE CRUMM ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This Agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1

**DEFENDANT'S OBLIGATIONS**

2.   Defendant agrees to:

(a)   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to all counts of the four-count Indictment in United States v. Kenneth Wayne Crumm and Dylan Scott Manzanares, SA CR 17-034-JVS, namely, (a) possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); (b) possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (c) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (d) felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

(b)   Not contest facts agreed to in this Agreement.

(c)   Abide by all agreements regarding sentencing contained in this Agreement.

(d)   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

(e)   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this Agreement.

(f)   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

(g)   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and

Date: January 27, 2019 v.5

prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

(h)  Agree to, and not oppose, the imposition of the following condition of probation or supervised release:

> Defendant shall submit his person and property
> — including any residence, premises, vehicle,
> container, papers, effects, and computers or
> other electronic communication or digital
> storage devices or media under his control —
> to search and seizure at any time of the day or
> night by any law enforcement officer or
> probation officer, with or without a warrant,
> probable cause, or reasonable suspicion.  If
> the defendant resides with others during the
> term of supervised release, the defendant shall
> warn any other occupants that the premises are
> subject to search pursuant to this condition.

### USAO'S OBLIGATIONS

3.  The USAO agrees to:

(a)  Not contest facts agreed to in this Agreement.

(b)  Abide by all agreements regarding sentencing contained in this Agreement.

(c)  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

(d)  Recommend that defendant be sentenced to a term of imprisonment at the low-end of the applicable Sentencing Guidelines range calculated by the Court, provided that (i) the Total Offense Level used by the Court to determine that range is ___31___ or higher

3

prior to any downward departure under the Guidelines as to
defendant's Offense Level or Criminal History Category.  For
purposes of this Agreement, the low-end of the Sentencing Guidelines
range is the term of imprisonment defined by the Sentencing Table in
U.S.S.G. Chapter 5, Part A, without regard to any reduction in the
term of imprisonment that is permissible through the substitution of
community confinement or home detention if (in the unlikely event)
defendant's Total Offense Level fell within Zone B or Zone C of the
Sentencing Table.

### NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of
the crime charged in Count One of the Indictment, that is,
possession with intent to distribute methamphetamine, in violation
of Title 21, United States Code, Sections 841(a)(1),
(b)(1)(A)(viii), the following must be true: (1) defendant knowingly
possessed methamphetamine; and (2) defendant possessed it with the
intent to distribute it to another person.  An "intent to
distribute" a controlled substance means an intent to deliver or
transfer possession of the controlled substance to another person,
with or without any financial interest in the transaction.
Defendant understands that for defendant to be subject to the
statutory maximum and statutory minimum sentences set forth below
regarding Count One of the Indictment, it must also be true that the
offense involved at least 50 grams of methamphetamine, which
defendant herein admits and agrees to further admit under oath at
his change of plea hearing.

5.   Defendant understands that for defendant to be guilty of
the crime charged in Count Two of the Indictment, that is,

4

possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), the following must be true: (1) defendant knowingly possessed heroin; and (2) defendant possessed it with the intent to distribute it to another person.

6. Defendant understands that for defendant to be guilty of the crime charged in <u>Count Three</u> of the Indictment, that is, possession of firearm in furtherance of a drug-trafficking crime, in violation of Title 18, United States Code, Section 924(c), the following must be true: (1) defendant committed a drug-trafficking crime, namely, possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), as charged in Counts One and Two of the Indictment; and (2) defendant knowingly possessed a firearm in furtherance of the drug trafficking crime.

7. Defendant understands that for defendant to be guilty of the crime charged in <u>Count Four</u> of the Indictment, that is, felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm and/or ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; and (3) at the time defendant possessed the firearm and ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

8. Defendant understands that the statutory <u>maximum</u> sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in <u>Count One</u>

of the Indictment, is as follows: a life term of imprisonment; a
life term of supervised release; a fine of $10,000,000; and a
mandatory special assessment of $100.  Defendant understands that
the statutory maximum sentence that the Court can impose for a
violation of Title 21, United States Code, Sections 841(a)(1),
(b)(1)(C), as charged in Count Two of the Indictment, is as follows:
a 20-year term of imprisonment; a life term of supervised release; a
fine of $1,000,000; and a mandatory special assessment of $100.
Defendant understands that the statutory maximum sentence that the
Court can impose for a violation of Title 18, United States Code,
Section 924(c), as charged in Count Three of the Indictment, is as
follows: a life term of imprisonment; a 5-year term of supervised
release; a fine of $250,000; and a mandatory special assessment of
$100.  Defendant understands that the statutory maximum sentence
that the Court can impose for a violation of Title 18, United States
Code, Section 922(g)(1), as charged in Count Four of the Indictment,
is as follows: 10 years' imprisonment; a 3-year term of supervised
release; a fine of $250,000; and a mandatory special assessment of
$100.  Therefore, the total maximum sentence that the Court could
impose on the counts to which defendant is agreeing to plead guilty
is as follows: a life term of imprisonment; a life term of
supervised release; a $11,500,000 fine; and a $400 mandatory special
assessment.

        9.   Defendant understands that, because defendant admits that
the offense charged in Count One of the Indictment involved at least
50 grams of methamphetamine, in violation of Title 21, United States
Code, Sections 841(a)(1), (b)(1)(A)(viii), the statutory mandatory
minimum sentence that the Court must impose for the offense charged

he

in <u>Count One</u> of the Indictment is as follows: 10 years' imprisonment, a 5-year term of supervised release, and a $100 mandatory special assessment.  Defendant further understands that the statutory <u>mandatory minimum</u> sentence that the Court must impose for the offense charged in <u>Count Three</u> of the Indictment is as follows: 5 years' imprisonment, which must run consecutive to the total sentence imposed on all of the other counts; a 5-year term of supervised release, and a $100 mandatory special assessment.  Therefore, the <u>total mandatory minimum</u> sentence that the Court must impose for all of the counts to which defendant is agreeing to plead guilty is as follows: a 15-year term of imprisonment; a 5-year term of supervised release; and a $400 mandatory special assessment.

10.  Defendant understands that, under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic

Date: January 27, 2019 v.5

rights, such as the right to vote, the right to possess a firearm and ammunition, the right to hold office, and the right to serve on a jury. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including, but not limited to, revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: (a) removal, also known as deportation, which may, under some circumstances, be mandatory; (b) denial of citizenship; and (c) denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of a felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

## **FACTUAL BASIS**

14. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree that the following statement of facts is accurate and sufficient to support the guilty pleas to the charges described in this Agreement and to establish the Sentencing Guidelines factors set forth below, but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

8

a)   At approximately 4:14 a.m. on April 4, 2017, defendant CRUMM was driving a Honda Civic with its headlights off in the City of Stanton, California. CRUMM's co-defendant, DYLAN SCOTT MANZANARES ("MANZANARES"), was in the front passenger seat.  When a Sheriff's Deputy used his patrol car's spotlight to alert CRUMM that his lights were off, CRUMM failed to illuminate his headlights and instead accelerated in an apparent attempt to flee.  The Deputy conducted a U-turn and gave chase.  While attempting to evade the deputy, CRUMM accelerated to speeds of up to 75-80 mph (well above marked speed limits) and drove in a reckless manner, which included running a red light, crossing into lanes going in the wrong direction, heavy braking and uncontrolled skids while turning at intersections, pitching the car left and right, nearly colliding with a traffic work crew and their vehicles, and ultimately colliding with a concrete median at the intersection of Chapman Avenue and Beach Boulevard, which disabled the Honda Civic.

b)   As was revealed by a subsequent search of the car and its contents, on that date, April 4, 2017, defendant CRUMM, jointly with defendant MANZANARES, knowingly and intentionally possessed with intent to distribute (1) at least 50 grams of methamphetamine, that is, approximately 204.4 grams (or 7.2 ounces) of actual methamphetamine, a Schedule II controlled substance; and (2) approximately 23.0 grams of a mixture or substance containing a detectable amount of heroin, a Schedule I

9

controlled substance.  Defendants jointly possessed the
methamphetamine and heroin in multiple containers in the
car's passenger compartment, including a plastic container
containing two Ziploc baggies with a total of
approximately 23 grams of heroin found in CRUMM's pants
pockets.  Defendants also possessed indicia of drug-
trafficking, including hundreds of extra Ziploc baggies,
three small booklets containing names and numbers typical
of "Pay-Owe" sheets, and $774 in U.S. Currency that was
found in CRUMM's pants.

     c)   In the same car and on the same date (April 4,
2017), defendant CRUMM also knowingly possessed, jointly
with his co-defendant MANZANARES, two firearms, namely,
(1) a Glock Model 21, semi-automatic .45 caliber pistol,
bearing serial number BWP737, which was loaded with
13 rounds of "Winchester" Auto .45 caliber ammunition; and
(2) a black AR-15 type, 5.56 mm caliber rifle, bearing no
serial number.  Defendant CRUMM possessed both firearms in
furtherance of the drug-trafficking crimes alleged in
Counts One and Two of the Indictment, namely, possession
of the above-referenced methamphetamine and heroin with
intent to distribute.  The firearms and ammunition were
manufactured outside the State of California and
thereafter shipped or transported in interstate commerce
into this State, and defendants' possession of the
firearms and ammunition thus affected interstate commerce.

     d)   Defendant CRUMM possessed the firearms and
ammunition after he had been convicted of the following

Date: January 27, 2019 v.5

felony crimes, each of which is punishable by a term of imprisonment exceeding one year:

(1)   Possession of Controlled Substance for Sale, in violation of Cal. H&S Code § 11378, and Possession of Controlled Substance with Firearm, in violation of Cal. H&S Code § 11370.1(a), in the California Superior Court, County of Orange, Case No. 12WF3042, on or about December 26, 2012;

(2)   Possession of Controlled Substance while Armed, in violation of Cal. H&S Code § 11370.1(a), in the California Superior Court, County of Orange, Case No. 14WF1594, on or about July 14, 2014; and

(3)   Transportation, Sale, Furnishing, Etc. of a Controlled Substance, in violation of Cal. H&S Code § 11379(a); Possession of Controlled Substance for Sale, in violation of Cal. H&S Code § 11378; Felon Carrying Loaded Firearm in Public, in violation of Cal. Pen. Code § 25850(a)/(c)(1); Felon in Possession of Firearm, in violation of Cal. Pen. Code § 29800(a)(1); and Felon in Possession of Ammunition, in violation of Cal. Pen. Code § 30305(a)(1), in the California Superior Court, County of Orange, Case No. 15NF1629, on or about June 24, 2015.

## **SENTENCING FACTORS**

15.   In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C.

Date: January 27, 2019 v.5

§ 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

16.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

**Counts One & Two: Drug-Trafficking Crimes**

| | | | |
|---|---|---|---|
| **Base Offense Level:** | 32 | USSG § 2D1.1(a)(5), (c)(4) (offense involved 4,218.57 KG — at least 3,000 KG, but less than 10,000 KG, of marijuana) |
| **Adjustments** | | |
| Reckless endangerment during flight: | +2 | USSG § 3C1.2 |
| Acceptance of Responsibility (conditional): | -3 | USSG § 3E1.1 (subject to terms of ¶ 3(c) above) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.[1]  Defendant understands that defendant's Total Offense Level could be increased if defendant is a "career offender" under U.S.S.G. §§ 4B1.1 and 4B1.2.  If

---

[1] Guideline stipulations for Count Four are not set forth here because the parties agree that: (1) the Offense Level applicable to Counts One and Two is higher than the level applicable to Count Four; and (2) the drug and firearms offenses charged in Counts One, Two, and Four "group" together under USSG § 3D1.2(c) because the drug guideline includes accounts for possession of a firearm.

12

defendant's Total Offense Level is so altered, defendant and the USAO will not be bound by the stipulations set forth above in this paragraph regarding the applicable Sentencing Guideline factors.

17.  The parties have no agreement as to defendant's criminal history or Criminal History Category.

18.  Subject to the applicable mandatory minimum sentence, defendant reserves the right to argue for a sentence below the advisory sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a).  Likewise, and because the Court is not bound to accept its sentencing recommendation, the USAO reserves, without limitation, the right to make any and all arguments in support of the sentencing recommendation it has promised to make in Paragraph 3(d) hereof, including the citation of aggravating facts and regardless whether those facts are then known to the Court.  The USAO also reserves the right to make any and all arguments in opposition to a defense request for, or Probation Office recommendation of, any sentence below the USAO's sentencing recommendation.  Defendant agrees that no such arguments by the USAO may be deemed contrary to the USAO's promised sentencing recommendation or otherwise constitute a breach, express or tacit, of Paragraph 3(d) or any other part of this Agreement.

**WAIVER OF CONSTITUTIONAL RIGHTS**

19.  Defendant understands that, by pleading guilty, defendant gives up the following rights:

(a)  The right to persist in a plea of not guilty.

(b)  The right to a speedy and public trial by jury.

13

(c)    The right to be represented by counsel -- and if
       necessary have the Court appoint counsel -- at
       trial.  (Defendant understands, however, that,
       defendant retains the right to be represented by
       counsel -- and if necessary have the Court
       appoint counsel -- at every other stage of the
       proceeding.)

(d)    The right to be presumed innocent and to have the
       burden of proof placed on the government to prove
       defendant guilty beyond a reasonable doubt.

(e)    The right to confront and cross-examine witnesses
       against defendant.

(f)    The right to testify and to present evidence in
       opposition to the charges, including the right to
       compel the attendance of witnesses to testify.

(g)    The right not to be compelled to testify, and, if
       defendant chose not to testify or present
       evidence, to have that choice not be used against
       defendant.

(h)    Any and all rights to pursue any affirmative
       defenses, Fourth Amendment or Fifth Amendment
       claims, and other pretrial motions that have been
       filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

20.    Defendant understands that, with the exception of an
appeal based on a claim that defendant's guilty pleas were
involuntary, by pleading guilty defendant is waiving and giving up

14

Date: January 27, 2019 v.5

any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.

## LIMITED MUTAL WAIVERS OF APPEAL OF SENTENCE

21.   Provided the Court imposes a total term of imprisonment within or below the Sentencing Guidelines range applicable to Total Offense Level ___31___ and the Criminal History Category calculated by the Court, defendant waives and gives up the right to appeal: (a) the total term of imprisonment imposed by the Court; and (b) the procedures and calculations used by the Court to determine and impose any portion of the sentence.  Defendant also waives and gives up the right to appeal all of the following other portions of the sentence: (a) the fine imposed by the Court, provided it is within the statutory maximum; (b) the term of supervised release imposed by the Court, provided it is within the statutory maximum; and (c) any of the following conditions of supervised release imposed by the Court: (i) the conditions set forth in General Orders 318 and 18-10 of this Court; (ii) the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); (iii) the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); (iv) the condition agreed to by defendant in Paragraph 2(h) hereof; and (v) any other condition to which defendant does not object at or before sentencing.

22.   The USAO agrees to give up its right to appeal any portion of the sentence, provided (a) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range applicable to Total Offense Level ___31___ and the Criminal History Category calculated by the Court, and (b) all portions of the

Date: January 27, 2019 v.5

sentence are at or above the statutory minimum and at or below the statutory maximum specified above in this Agreement.

### WAIVER OF APPEAL OF COLLATERAL ATTACK

23. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

24. Defendant agrees that if, after entering a guilty plea pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing any of defendant's guilty pleas on any basis other than a claim and finding that the plea was involuntary, then the USAO will be relieved of all of its obligations under this Agreement.

### BREACH OF AGREEMENT

25. If defendant, at any time after the Effective Date of this Agreement, knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached. All of defendant's obligations are material; a single breach of this Agreement is sufficient for the USAO to declare a breach; and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this Agreement,

16

defendant will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this Agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

26.  The Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this Agreement. Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

28.  Notwithstanding any other provision of this Agreement, defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error and, if erroneous, should otherwise be affirmed on any basis permitted by law, although each party agrees to maintain its view that the above statement of "Factual Basis" is consistent with the facts of this case.  While

17

this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this Agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this Agreement.

## NO ADDITIONAL AGREEMENTS

29.   Except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney.  No additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in Court.

## EFFECTIVE DATE OF AGREEMENT

30.   This Agreement is effective upon signature and execution of the attached certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Date: January 27, 2019 v.5

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

31. This Agreement shall be considered part of the record of defendant's change of plea hearing as if read fully into the record.

AGREED AND ACCEPTED:

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

NICOLA T. HANNA
United States Attorney

_____        _March 14, 2019_
ROBERT L. KEENAN                        Date
Assistant United States Attorney

_____        _2-19-2019_
KENNETH WAYNE CRUMM                     Date
Defendant

_____        _Feb. 19, 2019_
JASON HANNAN                            Date
Attorney for Defendant

19

Date: January 27, 2019 v.5

## CERTIFICATION OF DEFENDANT

I have read this Agreement in its entirety.  I have had enough time to review and consider this Agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this Agreement, and I voluntarily agree to those terms.

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

No promises, inducements, or representations of any kind have been made to me other than those contained in this Agreement.  No one has threatened or forced me in any way to enter into this Agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2 - 19 - 2019
KENNETH WAYNE CRUMM                        Date
Defendant

20

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KENNETH WAYNE CRUMM's attorney.  I have carefully and thoroughly discussed every part of this Agreement with my client.

I have fully advised my client of his rights, of possible pre-trial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement.

To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this Agreement; no one has threatened or forced my client in any way to enter into this Agreement; my client's decision to enter into this Agreement is an informed and voluntary one; and the factual basis set forth in this Agreement is sufficient to support my client's entry of guilty pleas pursuant to this Agreement.

_____          Feb. 19, 2019
JASON HANNAN                              Date
Attorney for Defendant

Date: January 27, 2019 v.5